UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:03CV-590-R

JANETTE L. EGER                                                                                           PLAINTIFF

v.

JOHN E. POTTER, POSTMASTER GENERAL                                            DEFENDANT

**OPINION**

Defendant has moved to dismiss and/or for summary judgment (Dkt. # 10). Plaintiff responded (Dkt. # 13), Defendant replied (Dkt. # 16), and this matter is now ripe for decision. For the reasons given below, Defendant's motion is **GRANTED**.

**BACKGROUND**

Plaintiff Janette L. Eger, a former employee of the United States Postal Service in Charlestown, Indiana, was terminated from her employment there after an internal investigation of her allegations that her supervisor in that office sexually harassed her concluded that she had made a false report and false statements during the course of the investigation. The investigation began on November 2, 2001 and continued for several months, culminating in the determination that Plaintiff's claims had no basis in fact and a "Notice of Proposed Removal," which was given to Eger on February 5, 2002. Then, on May 6, 2002, a Letter of Decision was issued notifying Plaintiff that her termination would be effective May 11 of that year. The Letter of Decision also set forth her administrative options for challenging the removal; specifically, the Letter gave Plaintiff two options if she believed she had been subjected to discrimination: either file an EEO

1

complaint or appeal the decision to the Merit Systems Protection Board (MSPB). Plaintiff elected to appeal to the MSPB on the bases of sex discrimination and retaliation. The MSPB held an evidentiary hearing, and the administrative judge affirmed Plaintiff's termination. The judge found that Plaintiff had presented a complete lack of evidence to support her sexual harassment claim, her statements conflicted, and she failed to prove that she had engaged in a protected activity for which the Postal Service had retaliated.

Plaintiff then challenged the MSPB's decision rejecting her claim of sex discrimination, sexual harassment and retaliation by filing a petition with the EEOC's Office of Federal Operations ("OFO"). The OFO agreed with the MSPB judge's determinations, and in a February 27, 2003 written decision so stating also informed Eger that she had thirty calendar days within which to file a civil action in a U.S. District Court if she wished to challenge this determination. This thirty-day limit is statutory. 5 U.S.C. § 7703(b)(2). On May 29, 2003, well outside of that thirty-day limit, Plaintiff filed her first suit in this district, *Eger v. Potter*, 3-03-cv-325-H ("*Eger I*"). The allegations contained in that complaint are substantially the same in the instant case: violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for alleged sex discrimination and retaliation. On November 18, 2003, Chief Judge Heyburn granted a motion to dismiss with prejudice for lack of jurisdiction in that case because Plaintiff failed to file within the thirty-day limit and presented no legal argument that would toll the statute's limitation period. While *Eger I* was ongoing, Plaintiff filed the complaint in this case. Defendant moves to dismiss for summary judgment in this case on the basis of the *res judicata*, or claim preclusion, doctrine.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## ANALYSIS

The doctrine of claim preclusion provides that a final judgment on the merits of an action "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428 (1981) (citing *Commissioner v. Sunnen*, 333 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352-353, 24 L.Ed. 195 (1877)). An issue is claim-precluded where (i) the prior decision was a final decision on the merits; (ii) the present action is between the same parties or their privies as those to the prior action; (iii) the claim in the present action should have been litigated in the prior action; and (iv) an identity exists

3

between the prior and present actions. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citing *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir.1992), cert. denied, 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993)). Plaintiff argues that the decision in *Eger I* was not a final decision on the merits and was not between the same parties.

*Final decision on the merits*

In *Eger I*, Chief Judge Heyburn held that, because Plaintiff did not file her claim within the thirty-day time limit provided in the statute, the case was dismissed. Plaintiff argues that this was a "technicality" and not a decision on the merits. In fact, a dismissal for failing to file within the statute of limitations is a decision on the merits for claim preclusion purposes. *Nathan v. Rowan*, 651 F.2d 1223 (6th Cir. 1981).

*Same parties*

Plaintiff also argues that, because she had filed for bankruptcy at the time of *Eger I*, the bankruptcy trustee was the only party that could pursue her claim in *Eger I*, and that this fact defeats claim preclusion because, now that she has been discharged from bankruptcy protection, Plaintiff is the proper party. She argues that this means that the parties to *Eger I* are not the same parties for claim preclusion purposes. The rule regarding identity of parties between the two actions states that the second action is claim-precluded where "the present action is between the same parties *or their privies* as those to the prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 560 (emphasis supplied). A bankruptcy trustee is a privy to the debtor. *O'Sullivan's Trustee v. Douglass*, 30 Ky.L.Rptr. 366, 98 S.W. 990 (Ky. App. 1907). Therefore, regardless of whether, under the bankruptcy rules, Plaintiff or her bankruptcy trustee was the proper party to bring the

suit in *Eger I*, claim preclusion applies to this case.

## CONCLUSION

For the reasons stated above, Defendant's Motion is **GRANTED**. An appropriate order shall issue.